JOSHUA W. McCOWN v. JOHN W. SCHRIMPF.

Where the purchaser of property agrees with the seller, as part of the price thereof, "to release all mortgages thereon," a mortgagee may sustain a suit on said agreement in his own name, against the purchaser, not merely to subject the property to the mortgage, but against the purchaser personally.

It is proper for the Court to refuse to give instructions which have already been given in proper connection and with proper qualification, or which assume as true or merely doubtful a fact the contrary of which is clearly proved.

It would seem that in civil cases, by agreement of counsel in writing filed during the Term at which the cause is tried, with the approbation of the Court, the statement of facts may be prepared and certified in vacation.

Appeal from Harris. Tried below before the Hon. Peter W. Gray.

On the 25th November, 1852, Isaac Thayer and J. W. McCown made an agreement in writing, to the effect that the former would give the latter full possession of the Houston House, a hotel in the city of Houston, together with all the furniture belonging to Thayer, (and also the use of Mrs. Wilson's furniture till the 15th of April then next) for which McCown agreed to pay Thayer $3000, as follows : release all mortgages and then pay such debts as Thayer should direct, to the full amount of said $3000. The proper construction of said agreement, as appeared from the circumstances, was that Thayer conveyed his lease of said hotel and the furniture owned by him, to McCown in full property. The mortgages were on the lease and furniture, and this suit was brought to recover from McCown amounts secured by two of the mortgages, the furniture, or so much thereof as could be found, having been sold under process of law to pay a prior mortgage. The testimony of plaintiff went to show that

McCown v. Schrimpf.

Schrimpf was advised of, and assented to, the above agreement between Thayer and McCown, at the time; and there was some testimony to the effect that the plaintiff had possession of the property at the time, one of his mortgages being in the form of a bill of sale. The defendant introduced evidence to the effect that McCown having discovered soon after the making of the above contract, and after he had taken possession of the hotel and furniture, that Thayer had misrepresented the quantity of the furniture which belonged to him, demanded a rescission of the contract, to which Thayer assented; and McCown paid Thayer a certain amount for the possession of the property, which remained in McCown's possession. Kirby, who was the lessor of the hotel, testified that he paid part of said amount himself.

The Court instructed the jury, without request as follows:

3rd. If the jury believe from the evidence, that the plaintiff held debts on Thayer secured by mortgages on the furniture and lease of the Houston house, then in possession of Thayer or the plaintiff, and that the defendant made a contract with Thayer and the plaintiff for the purchase of the property, and agreed to pay the amount of plaintiff's mortgage as a part of the consideration for the sale and delivery of possession of the property to him, or if the contract was made between Thayer and defendant, and plaintiff assented to it in consideration that defendant agreed to pay him the amount of his debts, and that then the possession of the property was delivered to defendant under that agreement, then the plaintiff is entitled to recover the amounts of his debts remaining unpaid, unless from the evidence the consideration failed, or the contract was rescinded with the plaintiffs consent.

If from the evidence, the plaintiff was a party to the contract as before explained, and the property was delivered to defendant under it, then the defendant and Thayer had no right to rescind the contract without plaintiff's consent, or to

act in any way to impair plaintiff's rights; but if from the evidence, the plaintiff was not a party to the contract, or did not assent to the sale and delivery of possession of the property in consideration of defendant's assuming to pay his debts, then Thayer and defendant could rescind the contract without plaintiff's consent; and if from the evidence they did so, then the jury will find for defendant on the first question.

If from the evidence the plaintiff was a party to the contract between Thayer and defendant as before explained, and the defendant made the contract under false representations of Thayer as to the amount of the furniture sold, then he had a right to rescind the contract for failure of consideration, by notifying the parties of the deficiency and restoring possession of the property as before; and if the facts in evidence be so, then the jury will find for defendant; but if there were no false representations, or if defendant continued to hold possession so acquired under contract to which plaintiff was a party, then the jury will find for plaintiff; but if the plaintiff was not a party to the contract with defendant, and the defendant was induced to make the contract by the false representations of Thayer, and on discovery thereof he returned possession of the property to Thayer (or Kirby with Thayer's consent) then find for defendant, but otherwise for plaintiff.

The following instructions were asked by defendant; all of which were given except the second and fourth:

1st. That if they believe from the evidence, that no such contract has been proven as the one set forth in the petition, plaintiff cannot recover in this action.

2nd. That if they believe from the evidence; that a contract was made by Isaac Thayer and J. W. McCown for the transfer of the furniture, &c., of the Houston House, and that Thayer made false representations as to the amount of furniture, said Thayer and McCown had the undoubted right to annul said contract; and if they further believe that the

consideration to be paid by McCown was the discharge of liabilities of said Thayer to third parties, such third parties had no right to prevent said McCown and Thayer from rescinding such contract.

3rd. That if the property contracted to be sold by Thayer to McCown was under mortgage to different parties, and such property remained in the possession of Thayer, he had a right to sell the same to McCown, and to rescind such sale without rendering McCown liable to such mortgages for their debts; and especially so if such mortgages gave said McCown no consideration for such liability.

4th. That a promise by McCown, to pay plaintiff in this suit his demand against Isaac Thayer, without some valuable consideration for such promise, would in law be void, and cannot be enforced in a Court of Justice.

5th. That if they believe from the evidence, that the original contract between Thayer and McCown was rescinded by the parties, and subsequently thereto they made a new contract by which McCown obtained possession of the Houston House and furniture, &c., without agreeing or promising to pay the mortgages upon said property, McCown did not thereby become liable to pay said mortgagees their debts; the property alone would be liable in his hands.

6th. That if McCown obtained possession of the Houston House, &c., from Thayer for a valuable consideration, without promising Thayer to pay any one of his creditors their demands, a promise by McCown afterwards to pay plaintiff his demand against Thayer, without a valuable consideration for such promise, would not render McCown liable to the plaintiff for the claim set up in this case.

Verdict and judgment for plaintiff. Motion for new trial overruled, &c. In this case the attorneys filed an agreement during the Term, that the statement of facts might be made up in vacation, and failing to agree in some particulars, sub-

mitted their differences to the Judge in vacation, by whom the statement was completed and certified to be "as full and "fair a statement of the facts given in evidence, as he could "make after the lapse of such a time;" from June 18th to December 12th, 1855. The attorneys also filed a stipulation in this Court waiving objection to the Judge's certificate.

*C. W. Buckley*, for appellant, argued that the third, fourth and fifth propositions in the general charge of the Court, were erroneous and calculated to mislead the jury, inasmuch as they supposed the existence of an agreement between the plaintiff and defendant, of which there was no evidence; and did not give the defendant the benefit of his defence of partial failure of consideration; that the second paragraph in the instructions asked by defendant contained a clear legal proposition, applicable to the facts of the case; and that the fourth paragraph was so clearly correct, as not to require the citation of authorities in support of it; also that the motion for a new trial should have been sustained, on the facts.

*C. B. Sabin*, for appellee. I. A promise upon sufficient consideration, made to one, to pay the debt he may be owing to another, is sufficient to entitle the party to whom the promise is made to recover of the promissor. (1 Chit. Pl. 5; Walk. R. 312; 17 Mass. R. 400; 1 Johns. R. 138.) In our Courts the creditor for whose benefit the promise is made, may maintain the action thereon in his own name.

II. Argued that the motion for a new trial was properly overruled, on the facts.

*A. P. Thompson*, also, for appellee.

WHEELER, J. The charge of the Court very properly submitted to the jury the inquiry whether the plaintiff was a

party, or assented, to the contract between the defendant and Thayer for the purchase of the property on which the plaintiff held the mortgage ; and the jury, we think, were warranted by the evidence in finding the affirmative, and that the sale was made upon the mutual understanding and agreement of all the parties.    In that view, there can be no question of the correctness of the charge, upon the other questions embraced in it.    Nor can there be a question as to the right of the plaintiff to maintain the action.    " Where one person makes " a promise to another for the benefit of a third person, that " third  person may maintain an action upon such promise." (Schemerhorn v. Vanderhayden, 1 Johns. R. 139.)    Nor is it necessary that the name of the person for whose benefit the promise is made, should, in terms, be used.    It will be sufficient if he be in some measure pointed out and designated as the person intended.    Thus, in a covenant with a man and his heirs or his executors, though the names of the heirs or executors  do not appear in the deed, they can sue upon the covenant if broken.    So where the defendants covenanted to pay to each and every person such sum or sums of money as the Constable should become liable for on account of any execution which might be delivered to him, it was held that an action of covenant might be maintained by a plaintiff in an execution delivered to such Constable for collection, and for the payment of which the Constable had become liable. (Fellows v. Gilman, 4 Wend. R. 414; 1 Chit. Pl. 4 and notes.)    The defendant, by the terms of his contract, was to " release all mortgages," of which the plaintiff's was one.    He, therefore, according to the authorities cited, could maintain the action, it would seem, in a Court of Common Law.    Undoubtedly he may in our Courts, where it is held that the suit may be brought either by the legal holder or the party beneficially interested in the contract.

The second instruction asked by the defendant was rightly

refused, because embraced substantially, with the proper qualification, in the general charge. The fourth instruction asked was also rightly refused, because abstract, and not warranted by the evidence. The promise of the defendant was not without a consideration, as the instruction assumed. There is no error in the judgment and it is affirmed.

Judgment affirmed.