ALLEN v. TRAYLOR et al. (No. 5430.)

(Court of Civil Appeals of Texas. San Antonio. March 3, 1915. Rehearing Denied March 31, 1915.)

1. VENDOR AND PURCHASER ⬅➡265—TRANSFER BY GRANTEE—ASSUMPTION OF VENDOR'S LIEN NOTE—RIGHT OF VENDOR TO SUE.

Where the vendors of land took the purchaser's lien notes to secure the price, the purchasers selling to one who sold part of the land to defendant, who assumed payment of a proportionate part of the debt, such defendant was liable to the original vendors for the amount so assumed, by the rule that a third person has a right of action upon a promise made for his benefit, though he be a stranger both to the promise and consideration therefor; it being immaterial whether defendant's immediate grantor himself assumed the debt.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 492, 700–712; Dec. Dig. ⬅➡265.]

2. VENDOR AND PURCHASER ⬅➡294—ASSUMPTION OF PART OF NOTE CARRYING ATTORNEYS' FEES.

Where defendant purchased lots which had been sold to his vendor by purchasers who had given four vendor's lien notes carrying attorneys' fees, he became liable for such fees, although he had assumed only part of the debt covered by the notes.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 830; Dec. Dig. ⬅➡294.]

Error from District Court, Bexar County; W. F. Ezell, Judge.

Action by Harry Traylor and others against Frank Allen. Judgment for plaintiffs, and defendant brings error. Affirmed.

McFarland & Lewright, of San Antonio, for plaintiff in error. Guinn & McNeill, of San Antonio, for defendants in error.

CARL, J. On July 17, 1911, Harry Traylor and the Rockport Land Company conveyed to D. W. McKey and W. L. Pridgen by general warranty deed certain land in the town of Rockport, Tex., including blocks Nos. 175, 399, 277, and 360 of Manning division of said city of Rockport, and in part payment therefor McKey and Pridgen executed and delivered their four vendor's lien notes as follows: No. 1 for $500; No. 2 for $500; No. 3 for $3,750; and No. 4 for $1,000. The first note was due on or before one year after ifs date; No. 2 was due on or before 18 months; No. 3 due on or before 2 years after its date; and No. 4 was due on or before 2½ years. All these notes were payable to the order of the Rockport Land Company, each bore 8 per cent. interest per annum, and each note contained an option clause whereby the owner thereof could mature all notes upon failure to pay any one when due or upon failure to pay any installment of interest. The Rockport Land Company transferred the notes to Traylor. Note No. 1 was paid, but No. 2 was not paid in full, $62 of the principal remaining, and $8.87 interest, and on No. 3 there remained $820, and interest in the sum of $128.14; and it was alleged that there remained unpaid on No. 4 the sum of $252, and interest in the sum of $14.-31. All the notes were declared due.

On September 20, 1911, D. W. McKey and W. L. Pridgen conveyed said blocks Nos. 175, 277, 360, 399, containing 74 lots, to M. Ucovich, subject to the incumbrance thereon; and on March 2, 1912, Ucovich conveyed blocks Nos. 277 and 360 to Frank Allen, who, as a part of the consideration therefor, assumed the payment of the sum of $4,784 of the debt against the lots, together with accrued interest thereon, or an amount due on principal and interest in the sum of $23 per lot on the 32 lots conveyed.

The petition charges that, by reason of said assumption by the said Frank Allen, he became liable for the payment of $355, and $61.-94 interest, on note No. 3, and the sum of $128, and $7.25 interest, on note No. 4, as well as for attorney's fees in said notes provided in the sum of 10 per cent. of the principal and interest. It is further alleged that the said Ucovich conveyed other of the blocks mentioned to Adolf Holz and other defendants not necessary here to mention.

Defendant in error sued McKey and Pridgen, Frank Allen, Adolf Holz, Peter Nowotony, Jr., J. Schapiro and wife, Annie Schapiro, and A. A. Brower. Pridgen and McKey, in their answer, asked for judgment over against Frank Allen, among others, in case judgment went against them, on his assumption in the Ucovich deed.

The suit was tried in Bexar county, where Frank Allen lived, and on April 17, 1914, he was served with a citation in said cause, which it is claimed was insufficient as notice of the nature of the suit. Allen did not appear in response thereto, and judgment was rendered against him by default and against Pridgen and McKey in the sum of $616.95, and the vendor's lien foreclosed on the property Allen purchased from Ucovich, and Pridgen and McKey recovered against Allen in the event they had that judgment to pay.

This will be a sufficient statement of the case for the present, and any additional facts necessary to be shown will appear in the course of this opinion.

The main issue in this case arises by reason of the fact that Ucovich did not assume the debt against the land, but bought subject thereto in a way that he was not personally

liable on the notes. When he sold, however, Allen did assume the proportionate amount of the debt that his blocks bore to the whole. This being true, it is claimed that there is no privity of contract between Allen and the holder of the notes so as to hold him personally liable.

[1] It is, of course, well established in Texas that, where the grantee of a mortgagor assumes the payment of an obligation, the holder thereof can hold such person who assumed personally liable. Texas, it seems, has adopted what is known as the American rule, which is, in general terms, that a third person has a right of action upon a promise made for his benefit, though he be a stranger both to the promise and to the consideration. Baxter v. Camp, 71 Conn. 245, 41 Atl. 803, 42 L. R. A. 514, 71 Am. St. Rep. 182; McCown v. Schrimpf, 21 Tex. 22, 73 Am. Dec. 221; Urquhart v. Ury, 27 Tex. 7; Mathonican v. Scott, 87 Tex. 396, 28 S. W. 1063; Stadler v. Talley, 3 Willson, Civ. Cas. Ct. App. § 472; Heath v. Coreth, 11 Tex. Civ. App. 91, 32 S. W. 56.

Mr. Story, after a full discussion of English and American authorities on this subject, says:

"And the ground on which this rule stands is that, although the third person may be a stranger to the express promise, as between the other parties, yet the transaction creates a trust out of which an implied promise arises to pay over the sum to the third party." Story on Con. § 451b.

Judge Stayton said, in Spann v. Cochran, 63 Tex. 242:.

"It is believed, however, that such an agreement between a debtor and a third person, made upon valuable consideration, gives to the creditor a cause of action on which he may sue and recover from the person who has so contracted to pay to him a debt originally due only by the person to whom the promise is made. This seems to be in accordance with the great weight of American authority. McCown v. Schrimpf, 21 Tex. 27 [73 Am. Dec. 221]; Barker v. Bucklin, 2 Denio [N. Y.] 45 [43 Am. Dec. 726]; Schemerhorn v. Vanderheyden, 1 Johns. [N. Y.] 140 [3 Am. Dec. 304]; Eddy v. Roberts, 17 Ill. 505; Rhodes v. Matthews, 67 Ind. 132; Todd v. Tobey, 29 Me. 224; Dearborn v. Parks, 5 Me. 85 [17 Am. Dec. 206]; Brown v. Strait, 19 Ill. 88; Johnson v. Knapp. 36 Iowa, 616; Mason v. Hall, 30 Ala. 601; Wilson v. Bevans, 58 Ill. 233; Putney v. Farnham, 27 Wis. 187 [9 Am. Rep. 459]."

There are respectable authorities holding the contrary view, but the above rule has been sustained by repeated decisions of our courts. The doctrine is sustained upon the ground that the promise is not to answer the debt of another, but that the promisor is simply answering for his own debt, and, although he has agreed with his promisee that he will pay to a third party, it is still only the payment of the promisor's own obligation.

In Baxter v. Camp, supra, it is again said:

"The tendency, from the earliest cases, has been to establish a privity between the third person, for whose benefit the promise is made, and the promisor. The opinion in Lawrence v. Fox, 20 N. Y. 268, is based directly upon this ground. The court, quoting from the Massachusetts case of Brewer v. Dyer, 7 Cush. [Mass.] 337, said that the rule 'does not rest upon the ground of any actual or supposed relationship between the parties, as some of the earlier cases would seem to indicate, but upon the broader and more satisfactory basis that the law operating on the act of the parties creates the duty, establishes a privity, and implies the promise and obligation on which the action is founded.' Again, in Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195, it was said that 'a legal obligation or duty of the promisee to him [third party] will so connect him with the transaction as to be a substitute for any privity with the promisor, or the consideration of the promise, the obligation of the promisee furnishing an evidence of the intent of the latter to benefit him, and creating a privity by substitution with the promisor.' "

The third party need not even be named, but it must clearly appear that he is to be benefited. McCown v. Schrimpf, 21 Tex. 22, 73 Am. Dec. 221.

The essential matter with which we have to deal is that Allen agreed to pay his proportion of this debt which was held by Traylor. It was an agreement made for the benefit of the holder of the notes, and, as said in Spann v. Cochran, supra, Allen thereby and to that extent made it his own debt. That Ucovich did not assume and himself become personally liable for the debt is immaterial. The debt was against the land and held by Traylor, all of which was known to Allen when he assumed and agreed to pay it. And if an acceptance on part of the holder of the obligation be necessary to bind the promisor, then Traylor certainly accepted, which is emphasized by the filing of this suit. It could make no difference that Ucovich did not assume, because, if he had done so, there would be no more privity of contract between Traylor and Allen in that instance than there is in this case. To the extent assumed, Allen made it his debt and is liable. Gunst v. Pelham, 74 Tex. 586, 12 S. W. 233; Hoeldtke v. Horstman, 128 S. W. 642; Middleton v. Nibling, 142 S. W. 968; Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Long v. Patton, 43 Tex. Civ. App. 11, 93 S. W. 519.

[2] It is urged that plaintiff in error is not liable for attorney's fees, because he did not agree to pay part of the notes, but merely an amount to be credited on the same, equal to $23 per lot. But it is alleged that:

He "assumed the payment of the sum of four thousand seven hundred and eighty four ($4,784.00) dollars, together with interest accrued and to accrue thereon, representing a part of the unpaid sum then due and owing upon said vendor's lien notes, the said Allen assuming and agreeing to pay, on the principal and interest of said notes, an amount equivalent to $23 per lot," etc.

The notes represented the outstanding debt, and that contract is the one which Allen, in part, assumed and agreed to pay. He was not only to pay same and accrued interest, but interest to accrue. It is patent that the intent was to assume a part of that contract, and, having done so, he is bound by

the terms thereof, and it follows that he is liable for the attorney's fees.

The citation served upon plaintiff in error, while somewhat awkwardly drawn, is sufficient to notify him substantially of the nature of the cause of action.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes