**DICKSON et al. v. DAY et al.** (No. 3024.)*

(Court of Civil Appeals of Texas. Texarkana. June 18, 1925. Rehearing Denied July 2, 1925.)

1. **Vendor and purchaser** ⬉108—Purchaser, induced by fraud to enter contract and assume debts, may rescind, regardless of whether party whose debts were assumed knew of fraud.

Where party was induced by fraudulent representations to purchase land and assume notes as part of purchase price, he was entitled on discovering fraud to rescind, regardless of whether party whose debts were assumed knew of fraud or whether assumption had been accepted.

2. **Vendor and purchaser** ⬉211—If promise to assume debt is not enforceable by promisee because of fraud or lack of consideration, holder of indebtedness assumed cannot enforce it.

If promise to assume debt is not enforceable by promisee, because of fraud or for lack of consideration, it is not enforceable by holder of indebtedness assumed.

3. **Vendor and purchaser** ⬉114—Purchaser who authorized another to sell or rent land for him and received rent held to have lost right to rescind because of fraudulent misrepresentations.

Where purchaser of land was deceived by misrepresentations as to its value, but, after seeing and examining land and discovering misrepresentations, authorized third person to represent him in selling or renting land, and accepted money paid as rent, he lost right to rescind, and remedy thereafter was by action for damages.

4. **Vendor and purchaser** ⬉219—Petition held to sufficiently allege waiver of fraud by purchaser defrauded in sale of land.

In action on contract to assume payment of indebtedness, plaintiff's first supplemental petition held to sufficiently allege that defendant waived fraud after discovery of fraudulent representations to him as to value of land in purchase whereof he had assumed indebtedness.

5. **Vendor and purchaser** ⬉219—Findings of jury as to false representations of value of land and improvements held not conflicting and contradictory.

In action on contract to assume indebtedness as consideration for land purchased, findings of jury that one defendant falsely represented to another that value of land was $200 per acre, and did not represent improvements thereon to be worth $2,000, as alleged, were not conflicting and contradictory.

Appeal from District Court, Lamar County; New Phillips, Judge.

Action by John T. Dickson and others against B. H. Day and others. From the judgment rendered, the named plaintiff and defendant J. D. B. Baker appeal. Affirmed in part, reversed in part, and judgment rendered in favor of the named plaintiff against defendant B. H. Day.

One Hooker conveyed 40 acres of land to one Hickman and O. C. Dickson, in consideration, among other things, of the execution and delivery to him by them of their two promissory notes for $500 each, secured by a vendor's lien on the land, and the assumption by them of the payment of a note for $2,500, secured by a prior and superior lien on the land, held by the Second Investors' Mortgage Security Company, Limited. Afterward said Hickman and Dickson conveyed the land to appellant J. D. B. Baker, in consideration, among other things, of the assumption by him of the payment of the three notes. Later Baker conveyed the land to appellee Day, in consideration of an oil lease valued at $4,000—$10 in cash, and the assumption by Day of the payment of said note for $2,500 and of a note for $1,290, executed by Baker in lieu and renewal of said two notes for $500 each, and also including a sum due as interest on the $2,500 note, which John T. Dickson, then the owner and holder of the two $500 notes, claimed he had paid "to protect his inferior lien on the land."

This suit was by said appellant John T. Dickson, as the owner and holder of said note for $1,290. It was against Baker and Day for the amount of said $1,290 note, on their respective undertakings specified above, and also for $200 due as interest on the

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction November 18, 1925.

$2,500 note which appellant alleged he was compelled to pay the holder of said $2,500 note "to protect his (said appellant's) inferior lien." Baker's answer to the suit consisted of a general denial and a prayer for judgment over against Day for any sum recovered by Dickson against him, (Baker). In his answer, Day admitted he assumed the payment of the $2,500 and $1,290 notes as charged against him, but alleged that he was not bound by the contract, because he was induced to enter into it by false and fraudulent representations made to him by Baker, and which he relied upon as being true, that the land was worth $200 an acre and had improvements on it worth $2,000. He alleged that as a matter of fact the land was not worth exceeding $50 an acre, and that the improvements thereon were not worth $200.

The jury found on special issues submitted to them that in the negotiations between Baker and Day, resulting in the purchase of the land by the latter, Baker represented to him "as a fact, and for the purpose of causing him to enter into the contract, that the 40 acres of land was of the value of $200 per acre." The jury found further that Day believed the representation to be true, and relied upon it, and was "thereby caused to consummate the trade" for the land. They found further that the land was worth only $100 an acre.

The judgment was as follows: (1) In favor of appellant Dickson against Baker for the amount of the $1,290 note and the $200 interest paid by him on the $2,500 note, and foreclosing liens existing on the land to secure same. (2) In favor of Day against said Dickson for costs, and against Dickson, Baker, and the Second Investors' Mortgage Security Company, Limited, made a party to the suit, for a cancellation of the deed to him from Baker. (3) In favor of Baker against Day for $171, the amount received by Day as rent on the land.

An appeal from the judgment was prosecuted by Dickson and also by Baker.

Wright & Baldwin and W. D. Fisher, all of Paris, for appellants.

T. L. Beauchamp, Long & Wortham, and Johnson & McMilliam, all of Paris, and Heyser & Hicks, of Wichita Falls, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] The contention presented by the first, second, sixth, tenth, and eleventh assignments in appellants' brief is that, to be entitled to the relief awarded him, Day must have alleged and proved that he offered to rescind his contract with Baker before Dickson "accepted" his assumption of the payment of the notes specified. We do not understand that to be the law. On the contrary, as we understand it, the law warrants the statement that, if Baker practiced fraud upon Day and thereby induced him

to enter into the contract, whereby he assumed the payment of the notes, Day had a right to rescind the contract without respect to whether Dickson had accepted such assumption or not, and without respect to whether Dickson knew or was chargeable with knowledge of such fraud or not. In support of his contention Dickson argues that—

"The acceptance of the contract of indebtedness by the holder of the indebtedness creates a separate and independent contract between the holder of the indebtedness and the party assuming same, and may only be set aside by mutual consent * * * or for fraud committed either by the holder or the party assuming the indebtedness."

[2] We do not think the argument is sound, or that it has support in the cases Dickson cited, to wit, Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672, and Maddox v. Clark, 107 Tex. 212, 175 S. W. 1053. In fact, there is a strong intimation in the Hill-Hoeldtke Case that the Supreme Court was of the opinion that a promisor induced by fraud of the promisee to assume indebtedness of the latter was not liable to the owner of the indebtedness merely because the latter had "accepted" such assumption. The authorities are to the effect that the right of the holder of the indebtedness so assumed is a derivative one, and not referable to a "separate and independent contract" between him and the promisor. That being the nature of the holder's right, if the promise, because of fraud or for lack of a consideration, is not enforceable by the promisee, it is not enforceable by the holder of the indebtedness assumed. Hanover Fire Ins. Co. v. Bank (Tex. Civ. App.) 34 S. W. 333; Hill v. Hoeldtke, 54 Tex. Civ. App. 201, 117 S. W. 217; Heath v. Coreth, 11 Tex. Civ. App. 91, 32 S. W. 56; Malanaphy v. Mfg. Co., 125 Iowa, 719, 101 N. W. 640, 106 Am. St. Rep. 332; Dunning v. Leavitt, 85 N. Y. 30, 39 Am. Rep. 617; 6 R. C. L. 886; 13 C. J. 712. In the case first cited, the court said:

"The doctrine is well established in this state that A., for a consideration paid by him, may make a contract with B., for the benefit of C., and the latter will have a right of action to enforce it. Spann v. Cochran, 63 Tex. 242; McCown v. Schrimpf, 21 Tex. 27 [73 Am. Dec. 221]; Story, Cont. § 451b. But, if the contract was obtained by a fraudulent device of A., the person for whose benefit he fraudulently obtained it can gain no higher right than A. held, and, if the contract is void as to him, it is void as to his beneficiary."

In the case next cited (Hill v. Hoeldtke), the court said:

"We think it is also clear that plaintiff in error is entitled to defend against personal liability on the notes by tendering back the land and showing that he was induced to accept the conveyance and assume the notes through

the fraud of McLeary, his vendor, in falsely representing that the land was free of other liens, if upon discovering the fraud he acts promptly in rescission, and before he induces defendants in error to rely upon the assumption to their injury. Heath v. Coreth, 11 Tex. Civ. App. 91, 32 S. W. 56; Loeb v. Willis, 100 N. Y. 231, 3 N. E. 177; Drury v. Hayden, 111 U. S. 223, 4 S. Ct. 405, 28 L. Ed. 408; Dry Goods Co. v. Swofford, 65 Kan. 572, 70 P. 582. To same effect: Keller v. Ashford, 133 U. S. 610, 10 S. Ct. 494, 33 L. Ed. 667; Clay v. Woodrum, 45 Kan 116, 25 P. 619; Green v. McDonald, 75 Vt. 93, 53 A. 332."

And in another one of the cases cited, to wit, Dunning v. Leavitt, Andrews, J., speaking for the New York Court of Appeals, said:

"I know of no authority to support the proposition that a person not a party to the promise, but for whose benefit the promise is made, can maintain an action to enforce the promise, where the promise is void as between the promisor and promisee for fraud, or want of consideration, or failure of consideration. It would be strange, I think, if such an adjudication should be found."

[3] On the theory, it seems, that it conclusively appeared from the testimony that Day "ratified and confirmed" the contract between him and Baker after he discovered that Baker had misrepresented the value of the 40 acres of land, appellant Dickson asked the court to instruct the jury to return a verdict in his favor, and complains because the court refused the request. There was testimony, and it was undisputed, that after Day saw and examined the land and discovered that Baker had misrepresented its value he authorized one Fowler to represent him in renting or selling it, and accepted and used $171 paid him by Fowler as rent of the land. We think there is no escape from the conclusion that such conduct on the part of Day operated to deprive him of the right he had to rescind the contract, and that his remedy thereafter for the wrong done him was by a suit against Baker for damages. 2 Black on Rescission and Cancellation, par. 595; 9 C. J. 1199; 4 R. C. L. 514; Shappirio v. Goldberg, 192 U. S. 232, 24 S. Ct. 259, 48 L. Ed. 419; Minter v. Hawkins, 54 Tex. Civ. App. 228, 117 S. W. 172; Burke v. Ellis, 44 Tex. Civ. App. 21, 97 S. W. 321; Refining Co. v. Swope (Tex. Civ. App.) 241 S. W. 597. On the page cited of Ruling Case Law, the rule is stated to be:

"That where a party has been induced to enter into a contract by false and fraudulent representations, he may upon discovering the fraud rescind the contract; but [the writer of the article adds] the great weight of authority holds that if the party defrauded continues to receive the benefits under the contract after he has become aware of the fraud, or if he otherwise conducts himself with respect to it as though it were a subsisting and binding en-

gagement, he will be deemed to have affirmed the contract and waived his right to rescind."

The rule, it seems (5 Pomeroy's Equity Jurisprudence, § 2109), rests—

"upon a distinct principle of public policy, that all that justice or equity requires for the relief of a party having such cause to impeach a contract is that he should have but one fair opportunity, after full knowledge of the rights, to decide whether he will affirm and take the benefits of the contract or disaffirm it and demand the consequent redress."

Day cites G., H. & S. A. R. Co. v. Cade (Tex. Civ. App.) 93 S. W. 124, as a case holding to the contrary of the conclusion reached by us. But when the facts of that case are kept in mind, it is plain, we think, it is like this one only in respects referred to by the Supreme Court and disapproved when it denied the railway company's application for a writ of error. G., H. & S. A. R. Co. v. Cade, 100 Tex. 37, 94 S. W. 219.

[4] Day's contention in effect that, if his conduct as stated operated to deprive him of a right to the rescission he sought, Dickson should not be heard to say so, because, he asserts, Dickson did not plead that he (Day) had waived the fraud practiced upon him; we think is not supported by the record. It seems to us that such a waiver, in the absence of a special exception thereto, was sufficiently alleged in a paragraph in Dickson's first supplemental petition as follows:

"That by failure to promptly disaffirm said contract and claim a rescission, and notifying plaintiff thereof prior to his acceptance, and retaining possession of the premises, and using and collecting rents and revenues thereon, and by failing to exercise ordinary care to ascertain said fraud, if any there was, and by failing to notify plaintiff thereof prior to plaintiff's acceptance of his contract of assumption, said Day has lost his right of rescission against said Baker as well as against plaintiff, and is no longer entitled to rescission, but can only recover damages from defendant Baker for the fraud complained (of), if any there was."

It follows from what has been said that we think the judgment is wrong so far as appellant Dickson is concerned, in that it denied him a recovery against Day, whereas it should have been in his favor, against Day as well as against Baker.

[5] The contentions presented by the assignments in appellant Baker's brief are: 1. That the findings of the jury (1) that he represented to Day as a fact and for the purpose of inducing him to enter into the contract that the land was worth $200 an acre, and (2) that Day believed the representation to be true and was induced by that belief to consummate the contract, were "contrary to and against the undisputed evidence." 2. That the finding of the jury that he falsely represented the value of the land to be $200 an acre, and did not repre-

sent the improvements thereon to be worth $2,000, were "conflicting and contradictory." It is obvious, we think, that the findings last referred to were not conflicting. As to the other findings, we think there was testimony to support them.

The judgment will be reversed so far as it denied Dickson the recovery he sought against Day, and judgment in Dickson's favor against Day, like the one in the court below in favor of Dickson against Baker, will be rendered here. The judgment of the court below will not be disturbed in any other respect. The costs incurred by Dickson in the appeal will be adjudged against Day. The other costs of the appeal will be adjudged against Baker.