## Eugene Straus v. Lelia Brooks et al.

No. 7588.  Decided February 26, 1941.
(148 S. W., 2d Series, 393.)

*Touchstone, Wight, Gormerly & Price, Allen Wight* and *Geo. T. Burgess,* all of Dallas, for plaintiff in error.

It was error for the court to hold that under the uncontroverted testimony Lelia Rutlin Brooks and her present husband were not estopped to assert any invalidity in the lien held by Straus securing the indebtedness due him. Parrish v. Hawes, 95 Texas 185, 66 S. W. 209; Little v. Shields, 63 S. W. (2d) 363; Blesse v. Wessels, 18 S. W. (2d) 724.

*Cedric G. Hamlin,* of Dallas, for defendant in error, *Geo. T. Lee,* of Dallas, for intervenor.

The provision in the deed providing for the assumption of the payment of the indebtedness by Lelia Rutlin at most could only apply to a one-half undivided interest in the property subject to the life estate or interest vested in her by the divorce decree between herself and Alex Rutlin. Anderson v. Casey-Swasey Co., 103 Texas 466, 129 S. W. 349; Texas Land & Loan Co. v. Blalock, 76 Texas 85, 13 S. W. 12.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On December 21, 1925, Alex Rutlin and wife, Lelia Rutlin, executed deed of trust on a part of Lot No. 1 in Block 621-C in the City of Dallas, measuring 39 feet by 108 feet. On that date said lot was being used by them for the purpose of a home. Said deed of trust was executed to secure payment of one note for $1500 payable to H. S. Lawson. Said note included renewal of the sum of $95.35 paid as taxes on the property and the sum of $318.00 due Cowser Lumber Company and secured by valid mechanic's lien. In said deed of trust there was a recital that said property did not constitute any part of the homestead of Alex Rutlin and Lelia Rutlin. On December 21, 1925, Alex Rutlin and Lelia Rutlin made affidavit that the property covered by said deed of trust had never been occupied by them

for homestead purposes and was not at that date used by them as a homestead. On December 18, 1925, Alex Rutlin executed designation in which he declared that a part of Lot No. 7 in Block 569-C in the City of Dallas was the homestead of himself and family.

December 21, 1925, the note for $1500, together with the deed of trust lien securing same, was assigned by Lawson to S. Topletz. May 5, 1926, S. Topletz assigned the not to M. Saffir, together with the lien securing same. On December 31, 1928, M. Saffir assigned the note and lien to Eugene Straus. On the same day. Alex Rutlin and wife, Lelia Rutlin, executed a new note in the sum of $1773, which included balance and interest due on the prior note and the additional sum of $213.00, which it is recited was advanced for taxes for the year 1928, A deed of trust was executed on the same date on the same property to secure such renewal note. In the deed of trust it is recited that the property described constituted no part of the homestead of Alex and Lelia Rutlin.

The testimony shows that when Straus took assignment of the note and lien there was delivered to his attorney for examination an abstract of title, together with the affidavit and designation of homestead hereinbefore mentioned. The attorney for Straus testified that he relied upon these instruments in advising Straus concerning the title to the property covered by the lien.

August 17, 1929, decree was entered in the District Court of Dallas divorcing Alex Rutlin and wife, Lelia Rutlin. By this decree the property covered by the lien was declared to be community property and same was set apart to Lelia Rutlin and her minor child so long as same was used as a home by Lelia Rutlin. January 2, 1930, Alex Rutlin conveyed to Lelia Rutlin (recited to be a widow) his interest in said property describing same as follows:

"My undivided one-half interest in and to a part of Lot No. One in Block No. 621-C of the City of Dallas, Dallas County, Texas, the same measuring 39 feet by 108 feet, as shown by the map or plat records of Dallas County, Texas."

After reciting the consideration of $500 paid and to be paid in a certain manner the deed contained this further recital of consideration:

"And the further consideration of the said Lelia Rutlin assuming the payment of an indebtedness now owing to Eugene Straus, which indebtedness is secured by a first lien on said property."

The jury found that this assumption was a part of the consideration for the conveyance. This deed was filed for record March 4, 1930.

Thereafter Lelia Rutlin married Ross Brooks. On December 31, 1931, Lelia Brooks and her husband, Ross Brooks, executed a renewal note to Eugene Straus for $1900 payable in monthly installments and bearing 10 per cent. interest. Contemporaneously therewith they executed a deed of trust to J. B. Quinn, trustee, to secure Straus in the payment of said renewal note, which deed of trust contained the following recital:

"It is. expressly understood and agreed that the note herein and hereby secured is given in lieu of, substitution for and in renewal and extension of one certain note dated December 31, 1928, in the principal sum of $1,773.00, executed by Alex and Lelia Rutlin, payable to the order of Eugene Straus, described in deed of trust of even date to John C. Roberts, as Trustee, together with accrued interest thereon, and the holder of the note herein and hereby secured shall be entitled to all the rights, title, remedies and equities to which the holder of the note herein and hereby renewed was entitled.

"It is expressly understood and agreed that the note herein and hereby secured is a first and superior lien upon the hereinabove described property."

Prior to the institution of this suit certain payments were made by Lelia Brooks upon this indebtedness.

The City of Dallas, under proper ordinance, on the 13th day of August, 1930, levied paving assessment against the property in question, and issued certificate in the sum of $149.23 to H. L. Cannady Company of Texas. February 20, 1930, Lelia Rutlin as a feme sole entered into a contract with H. L. Cannady Company of Texas for the paving of the property and created a contract lien for that purpose.

On August 13, 1930, the City of Dallas assessed the property for street paving in the amount of $340.11 and issued certificate to H. L. Cannady Company of Texas. February 20, 1930, Lelia Rutlin, acting as a feme sole, entered into a contract with H. L. Cannady Company of Texas for this paving and created a contract lien to secure same. Thereafter H. L. Cannady Company of Texas changed its charter name to United Construction Company.

The present suit was instituted in the District Court of Dallas County by Lelia Brooks and husband, Ross Brooks, against Eugene Straus, holder of the note and deed of trust lien men-

tioned, and in this suit United Construction Company intervened, asserting its paving liens under the certificates and contracts executed to it. Plaintiffs sought to cancel and annul the lien asserted by Straus on the ground that same was void because affixed upon the homestead of Lelia Brooks. Defendant Straus by cross action sought a recovery of his debt and foreclosure of his deed of trust lien upon the whole property.

In the trial court judgment was entered in favor of defendant Straus against plaintiffs for the sum of $2508, with foreclosure of deed of trust lien on the undivided one-half interest in the property conveyed by Alex Rutlin to Lelia Rutlin, less a life estate in Lelia Brooks, but foreclosure of the deed of trust lien was denied as to the other one-half interest owned by Lelia Rutlin Brooks prior to the purchase from Alex Rutlin. Judgment was entered in favor of the United Construction Company against Lelia Brooks individually for its debt, with foreclosure of lien upon the whole property, but only as a first lien against the interest owned by Lelia Rutlin Brooks before her purchase from Alex Rutlin.

The Court of Civil Appeals reformed and affirmed the judgment of the trial court. 126 S. W. (2d) 542. As reformed the Court of Civil Appeals awarded judgment in favor of defendant Straus in the sum of $2508. Of this amount the court found that $476.61 was validly secured by first lien on all the property and foreclosed the deed of trust on all of the property for that sum. Foreclosure was allowed on a one-half interest (purchased by Lelia Rutlin Brooks from Alex Rutlin) to secure the whole sum of $2508. Judgment for intervenor United Construction Company against Lelia Brooks for $752.97, with interest from certain dates, was affirmed, and foreclosure of the paving lien against all of the property was allowed in its favor, but only as a second lien. Writ of error in favor of Straus was granted by the Supreme Court, and writ on behalf of plaintiffs and intervenor was granted because of granting writ in favor of defendant Straus.

■ Estoppel is strongly urged by plaintiff in error Straus. We do not find it necessary to decide that question. We think the deed of trust lien is enforceable as to the entire lot by reason of the assumption on the part of Lelia Rutlin, while the feme sole, as a consideration for the one-half interest purchased by her from Alex Rutlin. It has long been settled that after divorce, a widow may incumber her homestead as she may choose. Spencer v. Schell, 107 Texas 44, 173 S. W. 867; Dabney v.

Schutze, 228 S. W. 176; Keels v. First Natl. Bank, 71 S. W. (2d) 373; Leake v. Saunders, 126 Texas 60, 84 S. W. (2d) 993.

■■ It is also well settled that contracts by one capable of contracting may be made by assumption, when such assumption is a consideration for the purchase of property. An assumption of this kind, when accepted by the payee of the obligation assumed, or the mortgagee, becomes a contract under which the one making the assumption becomes the principal obligor and the original maker the surety. The recital of an assumption of a debt or lien in a deed of conveyance is contractual in its nature, and operates to create a new contract upon the part of the one making the assumption, regardless of the enforceability of the original obligation. Hill v. Hoeldtke, 104 Texas 594, 142 S. W. 871; Boyett v. Rutland Saving Bank, 116 S. W. (2d) 857; Weatherford v. Natl. Life Ins. Co., 94 S. W. (2d) 250.

The situation we think is analogous to the assumption of a debt or mortgage which is infected with usury. The reason for the rule in that kind of a case is stated in 27 R. C. L., page 288, as follows:

"A vendee who as a part of the purchase price assumes and agrees to pay a mortgage on the property sold, is estopped from asserting that the obligation secured thereby is usurious. This is particularly true where the promise to pay is included in the deed. The whole title of the vendee rests upon the conveyance, and the continued existence of the mortgage, as an incumbrance, forms a part of it. He cannot be permitted to claim title both under and against the same deed; to insist upon its efficacy to confer a benefit, and repudiate a burden with which it is qualified; to affirm a part and reject a part.'

For another reason it sometimes is held that the one assuming an indebtedness and lien is not permitted to deny the validity of same. The holder of the debt and lien may so deal with the one who has assumed the indebtedness, in reliance upon such assumption, as to release the original obligor, and thus may lose his debt and lien unless the assumption be enforced. In this instance Straus accepted the assumption by Lelia Rutlin and entered into a new contract with her and her second husband, changing the terms of the original indebtedness so as to make same payable in monthly installments, taking a new deed of trust lien; we have no doubt that thereby Alex Rutlin was released from liability on the original indebtedness. See Louisville Joint Stock Land Bank v. Exell, 92 S. W. (2d) 349.

■ Nor can we agree with the holding of the Court of Civil Appeals that the assumption related only to the one-half interest purchased by Lelia Rutlin from Alex Rutlin. In our opinion the extent of the lien created by the assumption is to be measured by the extent of the assumption, and not by the extent of the interest purchased. The assumption was to the extent of the whole indebtedness. The indebtedness was unquestionably assumed according to the terms and conditions of the note evidencing same. The note which was assumed showed on its face that it was secured by a first lien upon the whole property. The whole debt was assumed as a part of the consideration for the one-half interest which was purchased, and the lien which secured that part of the purchase money undoubtedly followed the debt assumed. Lelia Rutlin was then a feme sole and could contract to pay for the property purchased in any manner she saw fit to do, and undoubtedly in making the assumption she intended to secure the purchase money by recognition of lien upon the whole property.

The application of Lelia Rutlin Brooks and husband, joined in by United Construction Company, complains primarily of the action of the Court of Civil Appeals in the application of payments. Their complaint in this regard is predicated upon an assumption that the debt and lien was in part invalid. Upon this theory they contend that application of payments should be made first to discharge that part of the original lien which was valid, and not first be applied to the discharge of interest and then to payment of principal. As we are holding that the lien was valid as to the entire indebtness, and not merely as to the valid portion of the original indebtedness which had been brought forward, it follows that the application of payments is governed by the ordinary rules in such cases. See 32 Texas Jur., pp. 673-683.

Plaintiff in error Lelia Brooks et al also assert that it was shown as a matter of law that the assumption clause in the deed of Alex Rutlin to Lelia Rutlin was inserted therein by mutual mistake. The jury found that this assumption was a part of the consideration for the conveyance by Alex Rutlin of his interest in the land to Lelia Rutlin. The fact that Lelia Rutlin Brooks and her second husband renewed and rearranged this indebtedness so as to make it payable in monthly installments shows conclusively that the finding of the jury was correct.

No question appears to have been raised as to superiority of the paving liens over the prior lien held by Straus, except on the theory that the Straus lien was in whole or in part void.

As same was not void we think the question of priority is determined by the holding in this case of Continental Investment Co. v. Schmeich, 145 S. W. (2d) 219 (Writ ref.).

The judgments of the Court of Civil Appeals and of the district court are reversed, and the cause is remanded with instructions to the trial court to enter judgment in favor of the plaintiff in error, Eugene Straus, for the amount of his indebtedness and with foreclosure of lien, as a first and superior lien, upon all of the property in question, and to enter judgment in favor of the United Construction Company for its indebtedness and foreclosure of its lien as a second lien.

Opinion adopted by the Supreme Court February 26, 1941.