**PRESIDENTIAL VILLAGE, LTD., et al, Appellants,**

v.

**LONE STAR GAS COMPANY, a division of Ensearch Corporation, Appellee.**

**No. 19818.**

Court of Civil Appeals of Texas, Dallas.

July 11, 1979.

Pat M. Reed, Dallas, for appellants.

C. Clint Adams, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and HUMPHREYS, JJ.

CARVER, Justice.

Presidential Village, Ltd., Tri-State, Inc., and Nora S. Smith appeal from a summary judgment granted in favor of Lone Star Gas Company on a second lien note. Presidential, et al., admit that, in a written agreement with Lone Star, they assumed and became liable to pay the note (with the original makers specifically released) unless excused by the alleged fraud of the makers in the sale of an apartment project. We conclude that the alleged fraud of the makers cannot constitute an available defense against Lone Star who accepted the obligation of Presidential, et al., and, in reliance thereon, released the original makers. We affirm the trial court's summary judgment.

In 1974, W. J. Hunt, and others, executed the note in question in the amount of $150,000 payable to Lone Star Gas Company. In 1975, the Hunts and Lone Star executed a modification agreement stating an agreed balance and recasting future installments. In 1976, the Hunts, Presidential, et al., and Lone Star Gas executed an instrument which recited the existence of the note, the modification agreement, and the deed of trust security on an apartment project, the sale terms of the apartment project between the Hunts and Presidential, et al, and then contracted for the release of the Hunts and for the assumption by Presidential, et al., "as though such note, deed of trust and modification agreement, and each of them, had been originally made, executed, and delivered by purchaser (Presidential, et al.)."

In response to Lone Star's motion for summary judgment, the affidavit in behalf of the Presidential, et al., states:

Your affiant says that there was a failure of consideration as well as fraud and misrepresentation on the part of the said Hunts, and that upon discovery of same that said Tri-State, Inc., elected to rescind the contract between itself and the said Hunts and did properly perform all the necessary acts to effectuate a rescission.

No part of the affidavit connected the want of consideration or fraud with Lone Star Gas Company.

These facts make applicable the rule in *Hill v. Hoeldtke,* 104 Tex. 594, 142 S.W. 871 (1912); and *Straus v. Brooks,* 136 Tex. 141, 148 S.W.2d 393 (1941). In *Hill,* the purchaser of land assumed one outstanding lien but subsequently urged that the fraud of his seller in failing to reveal another and different lien, freed him of the assumption. The supreme court held that the promise of the grantee became irrevocable when the mortgagee had, in some manner, acted upon it. As to the manner or degree in which the mortgagee must act, the court said:

In those cases where it is held if the mortgagee has in some manner acted upon the promise of the grantee that the liability of the latter becomes fixed, it is not claimed that this action must be such as would create an estoppel against the grantee. It seems to be sufficient if it is such as to evince an acceptance or an adoption of the promise by the mortgagee.

142 S.W. at 874. In *Straus,* a divorced husband conveyed his interest in community property to the divorced wife and, as part of the consideration for the conveyance, she assumed payment of an indebtedness secured by a first lien on the property. The divorced wife and mortgagee then made a new agreement so changing the terms as to discharge the former husband as a matter of law. Thereafter, the divorced wife sought to defeat the mortgagee's lien on a plea of homestead at the time of the original imposition of the lien. The supreme court held that an assumption by the purchaser when accepted by the payee of the obligations assumed becomes a contract under which the one making the assumption becomes the principal obligor and the original maker the surety. The recital of an assumption of debt or lien in a deed of

conveyance is contractual in nature and operates to create a new contract on the part of one making the assumption regardless of the enforceability of the original obligation. The supreme court then reasoned that when the holder of the debt so dealt with the one who has assumed the indebtedness, in reliance upon such assumption, as to release the original obligor, the assumption must be enforced or the obligor will lose his debt.

We conclude that when Presidential, et al., assumed the debt and lien due to Lone Star "as though such note, deed of trust and modification agreement, and each of them, had been originally made, executed, and delivered by purchaser," Presidential, et al., became the original obligor to Lone Star by such language and by operation of law as in *Straus.* Lone Star, by accepting Presidential, et al., and releasing the original makers, had so acted upon the assumption that Presidential, et al., cannot now avoid the assumption.

Presidential, et al., urge in support of their position the case of *Dickson v. Day,* 275 S.W. 307 (Tex.Civ.App.—Texarkana 1925, writ dism'd), which, it asserts, holds that fraud of the vendor justifies rescission, including rescission of an assumption agreement of outstanding liens. Upon examination of *Dickson,* we find that the facts are considerably different from those in the case at bar and the rule of law expressed in *Dickson* is actually consistent with the conclusion we have drawn. In *Dickson,* the owner of land subject to an outstanding mortgage sold to the purchaser who assumed the outstanding balance. The holder of the note and mortgage was not a party to the transaction or the negotiations which preceded it nor had he in any manner accepted or otherwise acted upon the purchaser's assumption. In such circumstances, the *Dickson* court held the purchaser could avoid the purchase and the assumption. The *Dickson* opinion acknowledges that it does not purport to apply to cases where there is a "separate and independent contract" between the assuming purchaser and the holder of the mortgage, nor where the assuming purchaser induces the mortgagor to rely upon the assumption to their injury.

We conclude that the separate and independent contract made by Presidential, et al., with Lone Star, which induced Lone Star to release the original makers, effectively prevents Presidential, et al., from using the alleged fraud of the makers as a defense against Lone Star for the reasons stated in *Hill* and *Straus,* as well as *Dickson.*

For these same reasons, we hold that the trial court correctly sustained the summary judgment in favor of Lone Star Gas Company.

Affirmed.

HUMPHREYS, J., did not participate in the decision.