**P.M. SCHULTZ, et al., Appellants,**

v.

**Walter W. WEAVER, et ux., Appellees.**

**No. 3–89–025–CV.**

Court of Appeals of Texas,
Austin.

Nov. 8, 1989.

Rehearing Denied Dec. 6, 1989.

Jim Dear and Kevin M. Wilson, Jim Dear, P.C., Austin, for appellants.

Frank W. Rose, Smith, Carter, Rose, Finley & Hofmann, San Angelo, for appellees.

Before SHANNON, C.J., and GAMMAGE and JONES, JJ.

SHANNON, Chief Justice.

This appeal concerns the construction of a "no recourse" clause contained in a promissory note that appellants assumed in a general warranty deed.

Appellants Pete Michael Schultz and Edmond Martin seek to set aside a summary judgment rendered by the district court of Tom Green County that appellees recover against appellants personally in a suit for the unpaid balance of a promissory note. This Court will reverse the summary judgment.

Before September 1984, appellees conveyed a tract of land in Lampasas County to R.B. Lewis Company, Inc. and received a promissory note from Lewis. On September 7, 1984, Lewis deeded the land to appellants. As a part of the consideration, appellants, in the general warranty deed, assumed and agreed to pay the promissory note made payable to appellees from Lewis. The assumption clause in the deed provided that appellants would pay the unpaid principal on the note "according to the terms thereof." The promissory note in question contained a "no recourse" clause which provided that the maker of the note bore no personal liability for payment of the note and, in the event of default, the payee agreed to look only to the property securing the notice. The note was secured by a deed of trust.

Appellants failed to pay the principal and interest installments due September 7, 1987. Rather than foreclosing under the deed of trust, appellees sued appellants for the amount of the unpaid principal of the note. The district court rendered summary judgment that appellees recover against appellants personally for the unpaid balance of the principal.

Appellants urge that the district court erred in rendering summary judgment that appellees recover against appellants personally. This is so, assert appellants, because under the terms of the note and the general warranty deed appellees could look only to the land securing the debt for satisfaction in case of default.

The movant is entitled to summary judgment if he is entitled to judgment as a matter of law on the issues set out in the motion. Tex.R.Civ.P.Ann. 166a (1989). The

summary judgment falls unless appellees demonstrated that appellants are liable as a matter of law on the note. This they have failed to do.

The "no recourse" clause contained in the note provided:

> Maker bears no personal or coprorate [*sic*] liability for payment of this note; the Payee/Holder thereof agrees to look only to the property securing said note for satisfaction of default under the terms of the note.

The deed conveying the land to appellants provided "that the Grantor [*sic*]¹ hereby assumes and promises to pay, according to the terms thereof, all principal and interest now remaining unpaid on [the promissory note]."

 The recital of an assumption of a debt or lien in a deed of conveyance is contractual in its nature, and operates to create a new contract upon the part of the one making the assumption, regardless of the enforceability of the original obligations. *Straus v. Brooks*, 136 Tex. 141, 148 S.W.2d 393, 396 (Tex.Com.App.1941). Although the assumption of a note operates to create a new contract, the new contract is governed by the terms and conditions of the original note. *Id.*

 Generally the assuming party is liable to the same extent as the party from whom it assumed the contract. Likewise, the contract by its own terms may limit the assuming party's liability. Appellants urge that their liability, as the assuming parties,

was limited to that created by the original promissory note signed by Lewis. We agree.

 The quoted provision of the deed provides that appellants assumed and promised to pay the Lewis note *"according to the terms thereof."* (Emphasis supplied.) Appellants did not unconditionally promise to pay the note; instead, they promised to pay "according to the terms" of the note. The no recourse clause constituted a part of those terms. Pursuant to the plain language of the "no recourse" clause of the note, the maker incurred no personal liability for payment on the note. To the contrary, the payee or holder agreed to look only to the property securing the note for satisfaction of the default under the note.

This Court has concluded that by the terms of the assumption deed and the promissory note, appellants incurred no personal liability for payment of the note and appellees are required to look to the property securing the note for satisfaction of default under the note.

The judgment is reversed and the cause is remanded to the district court.

---

1. Appellees and appellants acknowledge that the word "Grantor" should be, instead, "Grantee."