## SANDERS et al. v. CRUMP. (No. 3771.)

Court of Civil Appeals of Texas. Texarkana.
Jan. 2, 1930.

E. Newt Spivey, of Texarkana, for appellants.

O. B. Pirkey, of New Boston, and O. H. Atchley, of Canton, for appellee.

HODGES, J. Mrs. Leslie Lewis Sanders joined by her husband, W. D. Sanders, brought this suit against the appellee in the form of an action of trespass to try title to recover lots 3 and 4 of block 2 in the town of De Kalb. Appellants alleged that the lots sued for were a part of their homestead and had never been abandoned. Crump answered, pleading specially that he was the legal owner of the lots and deraigned a title under an execution sale made in 1928 to satisfy a judgment against W. D. Sanders.

The proof showed that in 1903 W. D. Sanders purchased blocks 2 and 3 in the town of De Kalb. Each of these blocks consisted of four lots of one acre each. A street 50 feet wide ran east and west between the two blocks. It is agreed that all of this property belonged to the community estate of Sanders and his wife. Soon after acquiring the property, Sanders erected a residence on block 3 lying on the south side of the street dividing the two blocks. That residence was occupied as the family homestead until it was destroyed by fire in July, 1927. Mrs. Sanders testified that, while no part of the residence or outbuildings were situated on block 2, they had constructed a septic tank on one of the lots in controversy, which was used in connection with the family residence on block 3. She also testified that block 2 was inclosed with a fence and was used as a pasture for their horse and cow. The evidence also shows that in June, 1928, soon after the family residence was burned, block 3, on which the family residence was located, was sold by Sanders and wife. After the fire, Mrs. Sanders resided with her daughter in another county. The record does not show where Sanders resided, or what business he was engaged in after the destruction of the home.

The case was tried before the court without a jury, and a judgment rendered in favor of the appellee, Crump. The court filed his conclusions of fact and law, and states as his findings of fact that the lots in controversy had never constituted a part of the family homestead; but that, if they had, the homestead claim had been abandoned before the levy of the writ of execution under which the appellee claims title. Appellants assail the court's findings of fact as unsupported by the evidence.

It is apparently conceded that the title of the appellee is good unless the property was a part of the homestead of Sanders and wife at the time it was levied on in September, 1928. The appellants had the burden of establishing their homestead claim. The question here is, Have they offered such proof as required a judgment in their favor upon that issue? The sale of the entire block on which the residence was situated was conclusive evidence of the abandonment of that block as a home. That sale was also a circumstance tending to show an abandonment of whatever other property had been used in connection with the homestead. The proof also showed that in 1925 Sanders sold lots 1 and 2, constituting the north half of block 2, then under the same fence with the lots in controversy, and in the deeds executed by him alone made the following recitation: "I, W. D. Sanders, having a homestead other than the property herein conveyed, said homestead being designated as Lots 1, 2, 3, and 4 on Block 3 in the town of Old De Kalb, Texas."

It is well settled that the husband has the right to select the homestead, and to abandon it, when done without any purpose or intent

to defraud the wife. There is no such fraud charged by the pleadings in this case. Sanders did not appear in person, and did not testify in the trial. He and his entire family left the premises after the residence was destroyed, and there was no evidence as to what his intentions were except as indicated by circumstances. Mrs. Sanders testified as to her intentions and claims. But, under the facts of this case, her intentions alone cannot control the determination of the issue of homestead designation or its abandonment.

We think the evidence supported the court's findings and conclusions, and that the judgment should be affirmed.