## MILLS NOVELTY CO. v. SPURDIS.
### No. 1942.

Court of Civil Appeals of Texas. Beaumont.
May 5, 1930.

Rehearing Denied July 2, 1930.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellant.

Barnes & Barnes, of Beaumont, for appellee.

O'QUINN, J.

Mills Novelty Company was plaintiff below. Nick Spurdis was the defendant. We shall refer to them as such.

Plaintiff sued defendant to recover $748 alleged to be the balance due upon a note, together with interest and 15 per cent. attorney's fees.

Defendant answered by general demurrer, some special exceptions, general denial, and by cross-action pleaded over against plaintiff alleging that the contract out of which the note in question arose was procured by false and fraudulent representations made by the agent of plaintiff to defendant, but for which defendant would not have executed the contract or said note; that at the time of the execution of the contract made the basis of the suit there was, as a part of said contract, an oral agreement between plaintiff and defendant in which plaintiff agreed to do certain alleged things, which said oral agreement was an inducement to defendant to execute the written contract and note, and without which he would not have executed the contract or the note; that plaintiff had failed and refused to do the things stipulated in the oral agreement by reason of which the consideration for the execution of said written contract and note had wholly failed; that the musical instrument purchased by defendant from plaintiff, in consideration for which the said note was executed, was from the first wholly worthless, because of which he had been damaged in the sum of $1,252, the amount he had paid on said note. He further pleaded that because of the fraud and deceit practiced upon him by plaintiff in pro-

curing the execution by him of the contract and the note sued on, and plaintiff's refusal to carry out the terms of the contemporaneous oral agreement, consideration for the contract and the note had wholly failed, and that he had the right "to rescind the contract and ask the return of his money paid under said contract which he here and now does," and "that, therefore, said note and contract, if any, should be cancelled and defendant should be allowed to recover the money paid on said contract," and prayed that plaintiff take nothing by its suit and that he recover the $1,252 he had paid on said note.

By supplemental petition, plaintiff excepted to the various allegations of defendant in his cross-action, denied same, and specially answered that defendant was not entitled to a rescission of the contract and cancellation of the note because after discovering the alleged fraud he had retained possession of the instrument in question and had continued to use and profit thereby, and prayed for relief as in its original petition. To this defendant replied by general demurrer, general denial, and prayed for relief as in his original answer.

The cause was tried to a jury upon special issues, upon their answers to which judgment was rendered for defendant on his cross-action in the sum of $1,252. This appeal is from that judgment.

Plaintiff was a manufacturer of coin-operated and electrically controlled musical instruments known as "violano virtuoso, and magnetic expression pianos." Defendant was the owner and operator of the Manhattan Café in Beaumont, Jefferson county, Tex. G. M. Hardwick was an agent and salesman of plaintiff. Hardwick solicited and obtained an order and written contract of purchase from Spurdis for one grand model violano virtuoso, in which Spurdis agreed to pay $2,000 for the instrument, $300 cash, and a note for $1,700 payable in monthly installments of $68 each. The order was in the form of a chattel mortgage, and upon the execution of same it was promptly filed for record in the office of the county clerk of Jefferson county. The written contract contained this clause: "No agreement, representation or claim of any kind shall be binding or of any force unless herein contained." The instrument was shipped to and received by Spurdis and installed for use on March 14, 1925. He paid the $300 cash, and executed and delivered to plaintiff the note for $1,700. At the time of the filing of this suit, he had paid fourteen installments, leaving a balance of $748 unpaid on said note.

Among the defenses against liability for the balance of the note, defendant pleaded that at the time of the execution of the written contract plaintiff's agent and salesman, Hardwick, orally agreed with defendant that if he would purchase the instrument in ques-

tion plaintiff would not sell any such instrument to any other person within three blocks of defendant's place of business; that plaintiff would give free service to maintain and keep in proper repair and usable condition said instrument for a period of twenty-five months from the date of the delivery and installing of said instrument; and that said instrument was and would be a new and unused instrument perfect in all respects. He further pleaded that plaintiff failed and refused to carry out said oral collateral agreement and undertakings, in that it sold several such instruments to persons within the stipulated distance of defendant's place of business; and refused to give free service in maintaining and repairing and keeping in a usable condition the said instrument, but that defendant had to and did spend the sum of $275 in an effort to make and keep said instrument operative, but that said efforts were of no avail for the reason that said instrument was an old, worn-out, secondhand instrument and was never of any service, but was in fact a detriment and loss to his business, wherefore the consideration for same had wholly failed. He further pleaded that the promises and undertakings made and agreed to by plaintiff in said oral collateral agreement were fraudulently made for the purpose of inducing defendant to enter into said contract of purchase, plaintiff never intending to carry out same, and that he relied upon said promises and was thereby induced to, and, because of same did, make said contract, and that but for said fraudulent representations he would not have executed said contract, because of all of which he had the right to rescind said contract and ask the return of his money paid under said contract, "that, therefore, said note and contract should be cancelled and defendant should be allowed to recover the money paid on said contract," and prayed that plaintiff take nothing by its suit and that he recover the $1,252 he had paid on the note.

■ Plaintiff's first, second, third, and nineteenth propositions complain that the court erred in permitting proof of the oral agreement pleaded by defendant for the reasons that same was an attempt to vary the terms of a written contract, which was complete within itself, and was an attempt to ingraft in and upon said written contract terms and provisions not therein contained, and contrary to a special provision in said contract that no agreement or representation should be binding or of any force unless contained in said written contract. However, as there is no statement under either of these propositions, or any argument or citations of authority following same, under the rules they are waived and will not be considered.

Plaintiff assigns as error the judgment based upon the findings of the jury canceling the mortgage contract and the note executed

by defendant in part payment for the musical instrument in question, and awarding to defendant the recovery of the amount paid by him on said contract, $1,252. The contention is that the judgment is one of rescission of the contract, and that same is contrary to law in that defendant, after discovering the alleged fraud charged against plaintiff, retained in his possession the musical instrument purchased, and continued to use and profit thereby for a period of more than a year, and therefore defendant was not entitled to a rescission of the contract of purchase and the return of the money paid by him on said contract.

■ The contract of purchase was dated February 20, 1925. The instrument was received and installed for use March 14, 1925. Defendant made fourteen monthly payments of $68 on the note, as per the contract. He did not notify plaintiff of his repudiation of the contract until July 21, 1926. The evidence is undisputed that long before that day defendant knew that the instrument was a secondhand one. It had, from the very first, not given satisfactory service and had not been free serviced by plaintiff, and plaintiff had sold to several other persons similar instruments within the territory in which defendant says no instrument was to be sold. He had known this all along. Defendant does not deny that he had in his possession the instrument in question and continued to use same until about January, 1929, and received some, though he says very small returns from the use of the instrument, after he was aware of the fraud practiced upon him. Under these facts, he was not entitled to a rescission of the contract or the return to him of the money paid by him. Retention and use of the instrument after discovery of the fraud by which the sale was induced precludes a rescission of the contract, but it would not prevent a recovery of the damages resulting therefrom. Hallwood Cash Register Co. v. Berry, 35 Tex. Civ. App. 554, 80 S. W. 857; Grabenheimer v. Blum, 63 Tex. 369. For one to rescind a contract on the grounds of fraud, he must at the earliest practical moment after discovering the fraud, elect to perform the contract or to rescind same. Here, defendant having retained possession of the instrument after discovering the alleged fraud and used same, he waived his right to rescind the contract, and his only remedy is one of damages for plaintiff's breach of the contract. Houston Motor Car Co. v. Brashear (Tex. Civ. App.) 158 S. W. 233; Dalton Adding Machine Sales Co. v. Wicks & Co. (Tex. Civ. App.) 283 S. W. 642; J. B. Colt Co. v. Head (Tex. Com. App.) 292 S. W. 198.

■ But defendant insists that the judgment was not one of rescission, but one for damages, which was justified under defendant's cross-action against plaintiff. We do not think this contention sound. From a careful consideration of the pleadings of defendant, the issues submitted to the jury and their answers thereto, and the judgment thereon, we think the case was tried below on the theory of defendant's right to cancel the contract and the note and recover the money he had paid on the contract, which constitute rescission. Defendant pleaded that he had the right "to rescind the contract and ask the return of his money paid under said contract, which he here and now does," and further "that therefore said note and contract, if any, should be cancelled and defendant should be allowed to recover the money paid on said contract," and he prayed, among other things, that plaintiff take nothing by its suit and that he recover the $1,252. The jury awarded defendant the sum of $1,252. The $1,252 was the exact amount he had paid on the contract. The judgment decreed that plaintiff take nothing by its suit and canceled the note and mortgage contract and awarded defendant the $1,252. We think this shows that the case was tried on the theory of defendant's right to rescind.

Defendant, under the evidence, not having the right to rescind the contract and recover the money paid, would have to rely upon his right to recover whatever damages he might show resulted from plaintiff's breach of the contract. No effort was made to do this. No evidence was offered to show the difference between the value of the instrument sold to defendant according to the contract of sale, and the one that was actually delivered to him under that contract. There was evidence adduced by the defendant to show some special damages growing out of his efforts to maintain and keep the instrument in operation, and his loss to his business from not having satisfactory service of said instrument, but no issue was submitted to the jury for their finding on any of these matters. It is contended by defendant that the award of the jury in his favor of $1,252 was a finding of damages, but, as before stated, this was in accord with his claim of right to rescind the contract and recover the money paid by him under the contract.

Other questions are presented, but as they may not arise upon another trial they will not be discussed.

From what has been said it follows that the judgment should be reversed and the cause remanded for another trial, and it is so ordered.

Reversed and remanded.