## DAVE BAILEY V. THE STATE.

No. 19091.   Delivered June 23, 1937.
Rehearing Denied November 24, 1937.

The opinion states the case.

*Jess C. Levens,* of Austin, and *Bradley & Wilson,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder with malice, and his punishment was assessed at confinement in the state penitentiary for a term of fifteen years.

The indictment contains three counts. The first count charged that appellant with his malice aforethought killed Joe Gonzales by shooting him with a gun. The second count charged that appellant with his malice aforethought killed Alma Bernice Bailey by shooting her with a gun. The third count charged that appellant with his malice aforethought killed Joe Gonzales and Alma Bernice Bailey by shooting them with a pistol. Ap-

pellant was required to plead to each of the said counts and the State offered evidence in support of each. The court, however, in his charge presented the case to the jury upon the first count only and instructed them not to consider the second and third counts for any purpose.

The State's testimony shows that on the morning of July 5, 1936, the appellant shot and killed his wife, Alma Bernice Bailey, and her father, Joe Gonzales, and also shot at his mother-in-law, Nancy Gonzales. From the testimony of Nancy Gonzales, who was present at the time of the difficulty, it appears that the appellant came to their home and inquired of his, appellant's, wife, "Bernice, you are leaving this morning, are you?"; that she replied, "No"; that he then shot Joe Gonzales and his wife, Alma Bernice Bailey.

Appellant testifying in his own behalf stated that on the morning of July 5, 1936, he went to work at the Santa Fe Station; that he returned home about seven-fifteen and found his wife absent; that he noticed that some of his personal wearing apparel, sheets, towels, and pillow slips were missing; that he picked up his pistol and went to the home of Joe Gonzales, his father-in-law, to investigate; that he took the pistol for protection because he had heard Gonzales say what he would have done to his wife's first husband if he came over and tried to start trouble; that he walked in the back door and noticed Gonzales tying up a trunk; that he inquired where his wife was and was told that she was in the next room; that he asked his wife if she was moving and she replied, "No." Appellant further testified that he asked his wife what she had done with the sheets, shirts, and towels that were gone; that she didn't say anything. Gonzales then said he didn't want any squabbling in there and to get out. Appellant protested and requested to talk to Bernice, but Gonzales told him to get out; that when Gonzales reached for the dresser drawer appellant told him not to put his hands in the drawer; that when appellant started out with his gun in his hand Bernice grabbed him and he tried to jerk loose, but Gonzales also had hold of him; that when Gonzales had him, appellant, down Nancy Gonzales threatened to strike him with a meat cleaver. Believing that he was in danger of being killed or seriously injured, he fired several shots.

Appellant in due time objected to the court's main charge because the court had failed to instruct the jury that defendant was on trial for the murder of Joe Gonzales only and that they could not convict him for any other offense; that if any evidence as to any other offense had been introduced, they could not con-

vict him of such other offense. Looking to the court's instruction we find it contains in paragraph one the following:

"The defendant stands charged by indictment * * * with the offense of murder alleged to have been committed in Lubbock County, Texas, on or about the 5th day of July, A. D., 1936, wherein the defendant is charged with killing Joe Gonzales."

In paragraph eight of the court's charge we find the following instruction:

"Bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the defendant, Dave Bailey, did, as charged in the first count of the indictment herein, unlawfully and with malice aforethought voluntarily kill Joe Gonzales by shooting him with a gun, and not in his own necessary self-defense * * * then you will find the defendant guilty of murder * * *."

It is obvious from the foregoing instructions that the court confined the jury in their consideration of defendant's guilt to the killing of Joe Gonzales alone. This we deem a sufficient instruction on the subject.

We do not regard the court's failure to instruct the jury that they could not convict appellant for any other offense as such an error as would require a reversal of this case. The killing of his wife, the father-in-law, and the assault on his mother-in-law all occurred at the same time and place. The jury knew from the court's instruction that appellant was on trial for the killing of Joe Gonzales and not for the killing of his wife or the assault on his mother-in-law and they found him guilty of the murder of Joe Gonzales as charged in the first count in the indictment.

In the case of Jefferson v. State, 8 S. W. (2d) 162, this court speaking through Judge Lattimore said:

"We might observe that the killing of Moffett was so closely connected with that of Livingston as to be res gestae, and there was no need to limit in the charge the effect of evidence bearing on the same."

In the case of Arcos v. State, 29 S. W. (2d) 395, the appellant killed two other men at the same time he killed the one for which he was on trial. In that case appellant objected to the court's failure to instruct the jury that they could not consider the evidence of the killing of the two persons other than the party named in the indictment for the purpose of determining the amount of punishment to be assessed against him. This court in disposing of the question said:

"The testimony sought to be limited tended to prove malice.

It illustrated appellant's state of mind at the time he killed deceased. It tended to show a 'heart regardless of social duty and fatally bent on mischief.' This was one of the main issues in the case. The rule requiring the court to limit and restrict the purpose for which certain testimony has been received does not apply when the admitted testimony is admissible to prove the main issue." Hence under the testimony as developed upon the trial of this case and authorities above cited we do not believe that any reversible error was committed by the trial court in his instruction to the jury. See, also, Collins v. State, 299 S. W., 403; Sanchez v. State, 233 S. W., 982.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the first count of the indictment the appellant was charged with the murder of Joe Gonzales by shooting him with a gun. There were other counts in the indictment, one of them charging appellant with the murder of Alma Bernice Bailey, and the other charging him with the murder of both Joe Gonzales and Alma Bernice Bailey.

In the motion for rehearing appellant makes the contention that the court erred in not specifically instructing the jury that they could not convict the appellant of the killing of Alma Bernice Bailey but could convict him only of the offense of killing Joe Gonzales. In his charge to the jury the court instructed them that the appellant was charged in the first count, in which appellant was charged with the murder of Joe Gonzales, and the jury expressly found appellant guilty as charged in the first count of the indictment. Hence, it is apparent that the jury was not misled by the court's instruction as contended by the appellant.

The record manifestly discloses that the other charges against the appellant were abandoned by the State.

As the motion for rehearing is understood, no error is perceived. It is therefore overruled.

*Overruled.*