## ANDERSON v. PIONEER BLDG. & LOAN ASS'N.

### No. 2421.

Court of Civil Appeals of Texas. Waco.

June 4, 1942.

Rehearing Denied July 2, 1942.

See, also, 150 S.W.2d 445.

John McGlasson, of Waco, for appellant.

Naman, Howell & Boswell, of Waco, for appellee.

RICE, Chief Justice.

Mrs. Etta Anderson, appellant, instituted this suit against Pioneer Building & Loan Association, appellee, to enjoin the threatened sale of real property under a deed of trust which she alleged to be invalid and unenforceable because: (1) appellee's agent fraudulently misrepresented the rate of interest specified in the note secured by said instrument; (2) the real property covered by said deed of trust was her homestead at the date of its execution, she being married at that time, and her acknowledgment thereto was not taken as prescribed by law nor by a notary who could legally take the same; (3) the indebtedness secured by the deed of trust was tainted with usury from its inception; (4) the payments made on said indebtedness by herself and her former husband from their community funds, if applied in accordance with the terms of the agreement which she and her former husband had with appellee when they became indebted to it, and at the rate of interest then agreed upon, would result in an overpayment of said indebtedness, one-half of which over-payment she alleged she was entitled to recover of appellee.

Appellee, by cross-action, in which C. J. Anderson, appellant's former husband, was made a cross-defendant with appellant, sought recovery of its debt and foreclosure of its lien.

A jury was impaneled, and in response to special issues submitted, found: (1) that appellee's agent represented to appellant that the original note provided for 6 per cent interest per annum; (2) that the Andersons relied upon the statement of appellee's agent as to the rate of interest provided for; (3) that C. J. Anderson was not illiterate.

The trial court overruled appellant's motion for judgment and rendered judgment on the verdict and the undisputed evidence that appellant Etta Anderson take nothing; and that appellee recover of appellant and her former husband, jointly and

severally, its debt as well as foreclosure of its lien. From this judgment appellant Etta Anderson alone appeals.

Error is assigned to the refusal of the trial court: (1) to grant appellant's request for an instructed verdict; (2) to render judgment for appellant upon the verdict of the jury and the undisputed testimony, as well as the great weight and preponderance thereof; (3) to submit to the jury special issues inquiring whether: (a) C. J. Anderson trusted appellee to draw the required loan agreement in accordance with the agreement; (b) appellee inserted in the application for the loan the provision in reference to stock without the knowledge or consent of the Andersons; (c) the Andersons knew when they signed the original loan papers they were agreeing to buy stock in appellee's corporation; (4) because, on the evidence and verdict of the jury, defendant was not entitled to judgment; and because the undisputed evidence showing that only 6 per cent interest was to be charged, the amount of the judgment rendered for appellee is excessive; (5) because the trial court rendered judgment against appellant for attorney's fees, and foreclosure of lien securing the same on her homestead; (6) because the undisputed evidence showed that the notary taking the acknowledgment of appellant to the instrument sued on by appellee was an agent of appellee.

By instrument dated January 7, 1928, C. J. Anderson applied to appellee for a loan of $4,600, wherein he agreed to repay said sum at the rate of $55.20 per month, which amount, the instrument recited, applicant understood to be a monthly payment on the stock subscribed for and interest on the loan applied for. Appellant and her then husband, C. J. Anderson, executed a note, also dated January 7, 1928, payable to appellee, reciting: "For value received at the maturity on the books of payee of 46 shares of the capital stock of payee, evidenced by Certificate Number 2924 in the name of C. J. Anderson," the undersigned obligated themselves to pay appellee the sum of $4,600, with interest thereon from date at the rate of 8.4 per cent per annum in equal monthly installments. Of even date therewith appellant and husband executed a deed of trust on property in the city of Waco, reciting that it was given in extension and renewal of four previously existing debts, secured by liens on the same property. These debts and liens were acquired by appellee from

their then owners with the proceeds of the loan applied for. On the same date these same parties executed a pledge of stock as collateral security for the note, "assigning and pledging 46 shares of the capital stock of said Association evidenced by Certificate No. 2924." On the same day Certificate No. 2924 for 46 shares of stock in appellee association were issued in the name of C. J. Anderson and held by appellee under the pledge agreement; and a passbook was issued and delivered to C. J. Anderson, there being printed and written on the face thereof: "Class Installment A Stock Certificate No. 2924, No. Shares 46, Date January, 1927". There was also endorsed on the back: "In account with C. J. Anderson." This passbook also stated: "Monthly dues $23.00, monthly interest $32.20, total monthly payment $55.20." This book shows that the monthly payments due until March 1, 1936, were credited as above indicated under separate columns. It also shows that other amounts were credited therein periodically under the designation: "Dividends this period."

On March 1, 1936, the balance due on the note for $4,600 was renewed and extended by the Andersons' note of that date for the principal sum of $2,868.87, bearing 7 per cent interest, payable in 115 monthly installments of $34.43 each, including monthly interest; secured by their deed of trust of even date therewith, reciting that the note which it secured was for a balance of $2,383.55 on a note originally in the sum of $4,600, executed by grantors, dated January 7, 1928; as well as for taxes therein described and paid by grantee on the property therein granted. The deed of trust also provided for the payment of an additional sum of $17 for the first ten months and $14.50 monthly thereafter to discharge taxes that would become due on the property therein described. A new passbook was issued, which shows that the monthly payments as made were credited and allocated to principal, interest, and taxes, under separate columns. The evidence further shows that the Andersons were divorced in March, 1939, and that thereafter, and in settlement of their property rights, C. J. Anderson conveyed to his wife the real property which constitutes the security for the indebtedness owing to appellee, in consideration of her assumption of said debt.

In reference to the original loan in January, 1928, Mrs. Anderson testified that the agent of appellee who brought the

note out to their home for execution, informed her in her husband's presence, that the interest rate therein provided was 6 per cent, and that she signed the note relying on the statement without reading further; that her husband signed the note without reading it. Mr. Anderson's testimony in respect to the transaction is somewhat obscure and conflicting, but interpreted in the light most favorable to appellant, he was then under the impression that the interest rate was 6 per cent.

Because of this testimony appellant urges that the court committed error in not rendering judgment in her favor on the verdict of the jury, and in not submitting to the jury her requested issues in reference to these original representations.

■■ Appellant's assignments of error in respect to the foregoing matters are overruled, because it conclusively appears that when appellant and her husband executed, on March 1, 1936, the note and deed of trust in extension and renewal of the balance due on the original $4,600 note, they both knew that the interest they had been theretofore paying exceeded the rate of 6 per cent per annum, and that the renewal note was to bear interest at the rate of 7 per cent per annum. In 1939, after appellant was divorced from her husband, and in settlement of the property rights existing between them, she accepted from her former husband and filed for record a deed conveying to her the property here involved, which recited, among other considerations therefor, "the agreement of grantee to pay the indebtedness owing to the Pioneer Building & Loan Association, secured by a lien on the hereinafter described property." After receiving this deed, appellant, according to her own testimony, immediately started making payments, as the owner of the property holding under said deed. This suit was instituted by appellant on August 6, 1940, more than four years after appellant and her husband had ascertained the falsity of the statement alleged to have been made by appellee's agent, and hence her cause of action based on deceit is barred by the four year statute of limitation, which was specially pleaded by appellee. Said assignments must be overruled for an additional reason. The execution of the renewal note and deed of trust in 1936 by appellant and her husband, with knowledge of the falsity of the representations she alleges were made by appellee's agent, and which induced her to execute the original note in 1928; and her acceptance, after her divorce, of the above-mentioned deed from her former husband, wherein she expressly assumed the payment of the indebtedness the validity of which is here challenged, amounted in law to a waiver of the defense of fraud, and to such a ratification and confirmation of the original loan agreement as to estop appellant thereafter from asserting the invalidity of the transaction because of fraud practiced upon her in its inception in 1928. Thompson v. Pitts, Tex.Civ.App., 2 S.W.2d 899; Mills Novelty Co. v. Spurdis, Tex.Civ.App., 29 S.W.2d 893; Grissom v. Anderson, 125 Tex. 26, 79 S.W.2d 619.

Appellant challenges the correctness of the amount found by the trial court in the judgment to be due and owing to appellee on said indebtedness, because, she says that the undisputed evidence and the verdict of the jury establish that appellee was only entitled to collect interest on said indebtedness at the rate of 6 per cent, and that the proper application of payments made based on such interest rate will result in the discharge of the debt.

■ We overrule these assignments for the reasons above stated, and for the additional reason that there was, in our opinion, ample evidence to sustain this finding of the trial court.

Appellant further contends that the trial court erred in awarding appellee judgment of foreclosure for its attorney's fees because, she says, the property involved was at all relevant times her homestead.

■ We overrule this assignment. It is not disputed that appellant and her husband were not occupying the property here involved at the date the original deed of trust was executed by them; but on that occasion they were occupying a farm situate some 20 miles from Waco, where they had been living since 1926, and which they continued to occupy until 1933. Mr. Anderson testified that they were occupying this farm as a homestead, and that he moved on it with the intention to make it his home for the rest of his life; that he left the farm in 1933 because of his wife's illness; that they abandoned the farm as a homestead in 1933, when he disposed of it. On leaving the farm the Andersons moved to and lived in, for some sixteen or seventeen months, a house in Waco owned by them; they then, after renting a house for a few months, moved to and resided, for about one year, in another place in Waco owned

by them. In 1936 they moved back to the property in litigation which they had not occupied since 1926. During said ten year period the property was rented. It is true that appellant testified that when they moved from the property to the farm in 1926 they left some articles of furniture which remained in the house; and that for about two years thereafter, while her daughter and husband had the property rented, they had the right to, and did, go there to bathe on occasions; that Mr. Anderson did not consult her when he moved to the farm but did so while she was visiting her daughter in California; and that she had always considered the property as her homestead. But her testimony is ineffectual to establish a homestead status for the property because her husband had the legal right, in the absence of fraud, to abandon the old homestead and to acquire another. 22 Tex.Jur. p. 56, sec. 34; 22 Tex.Jur., p. 85, sec. 55; Sanders v. Crump, Tex.Civ.App., 23 S.W.2d 850.

██ That Mr. Anderson did in fact abandon the property in litigation as a homestead, and had acquired and was occupying with appellant, his wife, a farm as his homestead when the original note and deed of trust were executed in 1928, was, we think, conclusively established by the evidence introduced. This being true, Mr. Anderson had the legal right, not joined by his wife, to execute the original note to appellee providing for attorney's fees, and likewise to so execute as security for said note, without appellant's jointure, a valid deed of trust on the property in question. The fact that appellant's signature to said instrument was required, and that her acknowledgment to the deed of trust was not taken; or was taken in the presence of her husband, or by a Notary Public who might have been disqualified, does not, under this record, render the instrument invalid because of her defective execution thereof. Her acts in the premises neither added to, nor detracted from, the legality and binding force of the transaction.

██ Therefore, it logically follows, we think, that the original note being secured by a valid deed of trust on the property, executed at a time when it was not impressed with the homestead status, that Mr. Anderson alone, not joined by his wife, had the legal right to renew the balance due on the original note by executing a new note for such balance, containing provision for attorney's fees, and under such facts, he likewise had the legal right, without the jointure of his wife, to execute a valid deed of trust on said property as security therefor. Under such circumstances, the defective execution of said note and deed of trust by the wife, or the fact that her separate acknowledgment to such deed of trust was not taken as required by law, or was taken by a Notary Public who for any reason was disqualified to take the same, would not render such instruments invalid. We are likewise of the opinion that appellant is estopped to question the validity of said note and lien because of her acceptance from her former husband of the deed above described, wherein she assumed the payment of appellee's debt, and whereby she agreed that such debt was secured by a lien. We are further of the opinion that the consideration expressed in said deed being contractual in nature and having been accepted by appellant, binds and obligates her to pay the debt assumed according to its terms. Straus v. Brooks, 136 Tex. 141, 148 S.W.2d 393; Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L.R.A.,N.S., 672.

For the foregoing reasons, we are of the opinion that the trial court did not err in rendering judgment for attorney's fees.

What we have said above we think necessarily disposes of appellant's contention that the original and the renewal deeds of trust were each invalidated by reason of the fact that each of the acknowledgments thereof were taken by an employee of appellee. But for an additional reason we would be required to overrule the assignments raising the question.

██ While it is true that the record reveals that each of the Notaries who took the acknowledgments of the Andersons to the deed of trust above mentioned was an employee of appellee, it is also undisputed that neither of them was an officer, or a stockholder, in said corporation, but each was a salaried employee. Neither of them was shown to be interested in the transaction. It has been held that a Notary Public having no financial interest in the transaction is not disqualified from taking acknowledgments to deeds of trust because of the fact that he is an employee of one of the parties to the transaction. United Savings Bank of Detroit v. Frazier, Tex. Civ.App., 116 S.W.2d 933; 1 Tex.Jur. 446; Cory v. Groves Barnes Lumber Co., Tex.Civ.App., 32 S.W.2d 492.

While we doubt the sufficiency of any of appellant's assignments of error to raise the question, we have nevertheless carefully considered her contention that the original note executed by herself and husband to appellee was tainted with usury. We overrule this contention. Appellee is a building and loan association. Under our applicable statutes in force at the time the loan was made, the type of loan disclosed by the record to have been made to appellant and her husband by appellee was expressly authorized. 42 Tex.Jur., pp. 887, 888, sec. 10; Pioneer Building & Loan Ass'n v. Johnston, Tex.Civ.App., 117 S.W. 2d 556.

Because of the views above expressed, we overrule each of appellant's assignments of error. The judgment of the trial court is affirmed.

HALE, J., took no part in the consideration and disposition of this case.